UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **RICHARD ROBERT HARRIS**, <br><br> Defendant. | 2:18-CR-20484 <br><br><br> **ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Defendant Richard Robert Harris pleaded guilty and was sentenced in the Middle District of North Carolina in a one-count indictment of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). ECF No. 4. Although Mr. Harris's guideline range was calculated as 97 to 121 months, with a statutory maximum term of ten years, he was sentenced to 48 months imprisonment followed by a 15-year term of supervised release. *Id*. Mr. Harris completed his prison term and, on October 9, 2015, began his term of supervised release.

Mr. Harris has filed a Motion for Early Termination of Supervised Release. *Id*. The Government opposes the motion, arguing that Mr. Harris has failed to show that his circumstances warrant the early termination of his supervised release. For the reasons expressed below, the motion will be **DENIED**.

1

# I.   Background

While in pursuit of a Ph.D. in political science at the University of North Carolina, Chapel Hill, Mr. Harris was investigated for the possession of child pornography, which included videos featuring children as young as three and four years old, on his electronic devices. ECF No. 7, PageID.38. After police officers executed a search warrant at Mr. Harris's residence, he admitted "to possessing and viewing child pornography, to suffering from obsessive compulsions that caused him to view explicit images and videos 'for ten to twelve hours a day.'" *Id*. at PageID.38-39. Mr. Harris attributed his compulsion to a need to relieve the stress from the rigors of academia. *Id*. Mr. Harris admitted to using "peer-to-peer software for downloading pornography" and a further investigation led to the discovery of eighteen video files, some of which included the sexual abuse of toddlers. Mr. Harris was charged with Possession of Child Pornography and on December 5, 2011, he pleaded guilty. *Id*. at PageID.39.

Following his release from prison, Mr. Harris began his term of supervised release. Since October 19, 2015, Mr. Harris has been subject to special conditions of supervision, including not possessing or using a computer or having access to the internet without the prior approval of his probation officer. Mr. Harris is also required to participate in a mental health program with an emphasis on sex offender treatment. ECF

No. 4, PageID.24. Further, Mr. Harris alleges that he would like to pursue additional employment opportunities "without having to disclose that he is still on federal probation." *Id*.

## II.   Legal Standard

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e). In considering whether to terminate a defendant's terms of supervised release, the Court looks to several factors borrowed from the sentencing factors set forth in 18 U.S.C. § 3553. This includes (1) the nature and circumstances of the offense and the history and characteristics of defendant, (2) the need to protect the public from further crimes of the defendant, (3) the need to afford adequate deterrence to criminal conduct, and finally, (4) to provide the defendant with needed...medical care…in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).

## III.   Discussion

Mr. Harris "would like to find more lucrative and fulfilling work at a larger company" and asserts that "the termination of supervised release will allow many more job opportunities and to use his education to make a higher wage and better living." ECF No. 4, PageID.24. Further, Mr.

3

Harris believes "he has paid his debt to society and has demonstrated to this Court that he is worthy of an Order Discharging him from Supervised Release." *Id*. Mr. Harris states that if he was not required to disclose "that he is still on federal probation," he would be better positioned to take advantage of his level education in seeking higher-paying employment. ECF No. 4, PageID.24.

After conferring with Mr. Harris's Probation Officer, the Court learned that his conditions do not prevent him from using a computer at his place of employment.  Rather, he must request permission from the Probation Department before accepting employment that requires the use of a computer. Further, if any employer were to provide Mr. Harris with a work laptop in order to work remotely, that computer could be subject to a search by the Probation Officer.  Mr. Harris is also incorrect in stating that his conditions require him to disclose to any employer that he is on federal probation. In fact, while he would be required to respond truthfully to any prospective employer's questions about his prior criminal history, including whether he is currently on supervised release, his conditions do not require that he affirmatively disclose that "he is on federal probation" or has been convicted of a crime.  His conditions do not restrict him from obtaining employment in the way he suggests.

Moreover, Mr. Harris has not shown that the factors in 18 U.S.C. § 3553(a) are satisfied. A review of the record, the Response by the

Government, the relevant authorities, and a conference with Mr. Harris's Probation Officer, all convince the Court that early termination of Mr. Harris's supervised released is not justified at this time. Mr. Harris's Probation Officer opposes his early termination, both because early termination for sex offenders is not normally recommended, and because earlier Mr. Harris had difficulties in that he "failed multiple polygraph tests administered to determine whether he had complied with the terms of his release." ECF No. 7, PageID.41. While Mr. Harris has since successfully passed a polygraph, and is otherwise "in compliance with all of his conditions of supervised release," ECF No. 9, PageID.57, meeting these requirements is the minimum expected of him and does not justify early termination.

The final factor considers the need "to provide the defendant with medical care…in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)(D). Here, Mr. Harris submits an affidavit from his therapist, Dr. Dennis Sugrue, in support of the early termination of his supervised release. ECF No. 4-1. As indicated in this report, Mr. Harris has shown a commitment to his supervised release obligations and has made progress toward rehabilitating his mental wellbeing. *Id*. at PageID.30-31. But the requirement that he receive this kind of sex offender counseling is a key component of Mr. Harris' supervised release, and the Court sees no reason why this condition should be terminated.

The Court finds that the conditions of supervised release imposed as part of Mr. Harris' sentence are appropriate to protect the community and provide necessary treatment for Mr. Harris, without unnecessarily burdening his ability to find appropriate employment.

## CONCLUSION

For the reasons above, the Motion for Early Termination of Supervised Release is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 21, 2021     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE